DECISION.
Defendant-appellant, Sylvester Moore, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator. For the following reasons, we reverse that judgment and remand the cause to the trial court for further proceedings.
The record reveals that on December 7, 1983, Moore, depressed and unable to care for his family, consumed alcohol and shortly thereafter vaginally raped his five-year-old stepdaughter. He then had her perform oral sex upon him. Following his guilty plea to two counts of rape, Moore was sentenced to an aggregate prison term of five to twenty-five years on April 12, 1984.
Sixteen years later, Moore was returned to the trial court for a sexual-predator hearing. At the hearing on August 3, 2000, before a judge other than the one who had imposed the sentence, the prosecution entered into evidence, among other documents and testimony, a psychological evaluation completed by the Department of Corrections in August 1993, which concluded that Moore "remains at risk for alcohol abuse," that Moore "seems to have little insight into his own anger, he remains at risk for acting out violently, both sexually and/or physically," and that his "prognosis for * * * successful completion of parole is poor." The prosecution also introduced into evidence the 1999 screening report for the Monticello sex-offender treatment program, which indicated that Moore's risk of re-offending was "low to medium," and a summary of Moore's performance in the Monticello program, completed in May 2000, which failed to comment on the likelihood of recidivism.
In an attempt to show rehabilitation, Moore noted that the final evaluation from the Monticello program, while not stating that the risk of recidivism had decreased, indicated that he had "demonstrated insight regarding the impact of sexual abuse on victims[,] including the long term effects," that "his homework and interview responses indicate[d] that he had accomplished the goals of sex offender education," and that "he took more responsibility for the decision to commit the act and for the need for treatment." Defense counsel stated that Moore had been in Alcoholics Anonymous for six years, had obtained his high-school diploma, had enrolled in college classes, and had completed all recommended sexual-offender programs. Further, Moore had no prior juvenile or adult record. Finally, Moore testified that he would not re-offend.
At the end of the hearing, the trial court found that Moore was a sexual predator. In a single assignment of error, Moore contests the weight of the evidence presented to support that finding.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Moore satisfied the first prong of the sexual-predator definition, as his two rape convictions involved sexually-oriented offenses under R.C. 2907.02. Thus, the issue at the sexual-offender-classification hearing was whether Moore was likely to commit future sexually-oriented offenses.
At a classification hearing, the prosecution must prove by clear and convincing evidence that the offender is likely to engage in the future in one or more sexually-oriented offenses.[1] In an effort to ensure that the appropriate criteria are addressed, the Ohio Supreme Court, inState v. Eppinger,[2] has outlined three objectives for a classification hearing: (1) to create a clear and accurate record for review; (2) to appoint an expert, if necessary, to assist the trial court in making a determination concerning the offender's likelihood of recidivism; and (3) to discuss on the record the particular evidence and statutory factors upon which the trial court relies in determining the offender's likelihood of recidivism.[3]
Here, the trial court created the type of record contemplated for appellate review.[4] The court received and considered substantial documentary evidence, including an excerpt of grand-jury testimony, a psychiatric evaluation completed in 1983, a psychological evaluation completed in 1993, and an evaluation of Moore's participation in a treatment program, as well as testimony from Moore and comments from his counsel.
Though the court reviewed the 1993 psychological evaluation, we note that neither the prosecution nor defense counsel offered expert testimony or sought a continuance to obtain a current psychiatric or psychological examination concerning Moore's likelihood to commit future sexually-oriented offenses.[5] Eppinger indicates that an expert may be "reasonably necessary to aid in determining" the likelihood of future recidivism, particularly when there is an absence of similar offenses in the offender's background.[6] As Moore had no history of sexually-oriented offenses or any other crimes, it appears that an expert may well have been of meaningful assistance to the trial court. While we recognize that the trial court had the discretion to appoint an expert, the fact that the prosecution contested the evaluation of Moore's performance in the Monticello treatment program, noting that there was no comment on Moore's risk of re-offending, suggested a need for expert assistance, particularly in light of the 1999 screening report indicating that Moore had a risk, albeit low to medium, of committing future sexually-oriented offenses. The screening report contained "percentages" and "raw scores" from three different tests assessing Moore's risk of re-offending, but it is unclear what those numbers demonstrated, as the scale for each test was not explained. Accordingly, it may well be helpful to the trial court, when reviewing this information on remand, to have an expert provide guidance in interpreting the Monticello evaluation and the accompanying screening report.
To determine whether an offender should be classified as a sexual predator, R.C. 2950.09(B)(2) provides the following ten non-exclusive factors for consideration:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
At the classification hearing in this case, the trial court complied with the final objective cited in Eppinger by identifying the specific factors in the record that supported its determination. While acknowledging that Moore had made efforts at rehabilitation while serving his prison term, the trial court stated that it was relying on the "attitude" that Moore had displayed in the 1993 psychological evaluation and the fact that Moore had raped a person under the age of thirteen in determining that Moore was likely to commit future sexually-oriented offenses.[7]
After reviewing the record, we note that while the 1993 psychological evaluation and the 1999 screening report may indicate a possibility of recidivism, we cannot say that the evidence presented at the classification hearing weighed clearly and convincingly in favor of a finding that there was a likelihood that Moore would engage in one or more sexually-oriented offenses in the future. While Moore did commit a heinous crime, he had no history of similar offenses, he had made efforts at rehabilitation, and his final evaluation from the Monticello program indicated that he had accomplished the goals of sexual-offender education.
Accordingly, we sustain Moore's assignment of error, reverse the judgment of the trial court, and remand this cause for the trial court to conduct a new hearing in accordance with law and this decision.
Painter and Shannon, JJ., concur.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] See R.C. 2950.09(B)(3).
[2] (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.
[3] Id. at 166, 743 N.E.2d at 888-889.
[4] See id.
[5] See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
[6] Id. at 163, 743 N.E.2d at 886.
[7] See R.C. 2950.09(B)(2)(c) and (j).